Case 2:22-cv-00254   Document 14   Filed on 07/20/23 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
July 20, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JEWELL THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 2:22-CV-00254 |
| | § | |
| PRICSYLLA ANCISO, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Before the Court is Magistrate Judge Jason B. Libby's Memorandum and Recommendation ("M&R"). (D.E. 10). The M&R recommends that (1) Plaintiff's 42 U.S.C. § 1983 claims for money damages against all Defendants in their official capacities be dismissed without prejudice as barred by the Eleventh Amendment; and (2) Plaintiff's Eighth Amendment and ADA/RA claims against all Defendants in their respective individual and official capacities be dismissed with prejudice as frivolous and/or for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). *Id.* at 1–2. The M&R further recommends that the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g). Plaintiff timely filed objections to the M&R. (D.E. 13); *see* (D.E. 12, p. 1).

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). As to the portions of the M&R unobjected to, the district judge need only determine whether the M&R is clearly erroneous or contrary to law.

1/6

*United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam); *Powell v. Litton Loan Servicing, LP*, No. CIV. A. H-14-2700, 2015 WL 3823141, at *1 (S.D. Tex. June 18, 2015) (Harmon, J.). Here, Plaintiff objects to the M&R's recommendation that Plaintiff's Eighth Amendment claim against Defendant Anciso be dismissed, *see* (D.E. 13, p. 3–9, 14) (objecting to dismissal of Eighth Amendment claim but only referring to Anciso), and that Plaintiff's ADA/RA claims against all Defendants be dismissed. *See id.* 11–13, 14 (objection to dismissal of ADA/RA claims and referring to "Defendant(s)" and Anciso).[1] Plaintiff does not object to the M&R's recommendation that Plaintiff's § 1983 claims for monetary damages be dismissed. *See id.*

## I. The Court Overrules Plaintiff's Objections

### A. Plaintiff's Eighth Amendment Claim

The M&R found that Plaintiff failed to state that Anciso violated his Eighth Amendment rights because Plaintiff did not sufficiently allege deliberate indifference; that is, (1) Plaintiff failed "to allege sufficient facts to indicate that Anciso had actual knowledge of a substantial risk of serious harm to Plaintiff and then disregarded such by failing to take proper remedial measures"; and (2) "failed to allege facts sufficient to show that Anciso's actions in fact resulted in substantial harm." (D.E. 10, p. 11–12). In objecting, Plaintiff argues the M&R "ignores important precedent[] and ignores important cases that support [Plaintiff's] position." (D.E. 13, p. 1). As it relates to Anciso's deliberate indifference specifically,[2] Plaintiff argues that Anciso had actual knowledge

---

[1] Plaintiff also states that his conspiracy claim should not be dismissed. (D.E. 13, p. 14). However, beyond this conclusory statement, Plaintiff does not state "a factual or legal basis for how the M&R is incorrect[,]" nor "cite to authority that is contrary to the M&R's analysis" in this respect. *See Moreno v. Kwarting*, No. 2:20-CV-00146, 2021 WL 5492599, at *1–2 (S.D. Tex. Nov. 23, 2021) (Ramos, J.) ("Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." (quoting *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (internal quotations omitted)). As such, Plaintiff's objection regarding his conspiracy claim is insufficient to warrant de novo review by this Court. *See id.* at *2.

[2] In this part of his objections, Plaintiff spends some time arguing that Plaintiff's diabetic complications were serious, "significantly affect" the Plaintiff's daily activities, and result in a substantial risk of serious

of a substantial risk of harm to Plaintiff and failed to take remedial measures because she (1) ignored his complaints, *id.* at 2; (2) knew he was in pain, *id.* at 3; (3) knew his symptoms required access to health services, *id.* at 5; (4) knew he had been suffering from or with complications from the symptoms of his diabetic condition because he explained his symptoms to her, *id.* at 6; and (5) his symptoms were not ambiguous, *id.* at 7 (arguing *Trevino v. Hinz*, 751 F. App'x 551, 555 (5th Cir. 2018) is distinguishable from instant case).

After conducting a de novo review, the Court **OVERRULES** Plaintiff's objections regarding deliberate indifference. (D.E. 13, p. 1–10). Deliberate indifference under the Eighth Amendment requires that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists; and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Such a showing requires the inmate to allege that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009) (quoting *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001)). "An inmate displaying diabetic symptoms conveys a serious medical need, and a defendant's failure to respond to that need may constitute deliberate indifference." *Oakley v. Hudson*, No. 2:13-CV-102, 2013 WL 3561173, at *6 (S.D. Tex. July 11, 2013) (Ellington, Mag. J.) (citation omitted). However, "[d]eliberate indifference encompasses

---

harm. *See, e.g.*, (D.E. 13, p. 4). However, this is consistent with the M&R's finding that "Plaintiff's allegations, accepted as true, reflect that he was potentially exposed to a substantial risk of serious harm in connection with his diabetic symptoms." (D.E. 10, p. 11). As such, the Court need not address Plaintiff's objection to the extent that it argues the M&R incorrectly concluded Plaintiff did not sufficiently allege that he potentially faced a serious risk of harm.

only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997) (citations omitted).

In objecting, Plaintiff introduces for the first time some facts indicating that Anciso actually knew about his symptoms because they were readily apparent, but he did not do so in his complaint or more definite statement, *see* (D.E. 1; D.E. 8, 5–8), even liberally construed. Rather, as the M&R finds, Plaintiff's allegations offer no specific facts indicating that Anciso was actually aware of the substantial risk of harm to Plaintiff because his complaint and more definite statement do not allege that he told Anciso about his symptoms, that Anciso knew about his symptoms or the seriousness of his symptoms, or that Anciso knew about his agreement with the medical provider for him to appear at the Diabetic Clinic for any complaint in addition to receiving his twice-daily insulin injections. Therefore, Plaintiff has not alleged Anciso engaged in conduct "clearly evince[ing] a wanton disregard for serious medical needs." *Brewster*, 587 F.3d at 770. Because Plaintiff has not sufficiently alleged the first prong of deliberate indifference, the Court need not address Plaintiff's objection as to the second prong of deliberate indifference. *See* (D.E. 13, p. 7–10).

### B. Plaintiff's ADA/RA Claims

The M&R found Plaintiff's ADA/RA claims were not sufficiently alleged because Plaintiff "provide[d] no specific facts to show how Anciso's actions . . . were motivated by Plaintiff's disabilities." (D.E. 10, p. 21). In objecting, Plaintiff argues that he stated he was denied medical services by Anciso solely by reason of his disability. (D.E. 13, p. 12–13). However, this objection is insufficient to warrant de novo review because Plaintiff merely states what has already been presented to the Magistrate Judge. *See Moreno*, 2021 WL 5492599, at *1 (citing *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been

presented before, is not an 'objection' as that term is used in this context.")). Even if Plaintiff's objection was sufficient to warrant de novo review, on de novo review, the Court finds that Plaintiff's factual allegations were not sufficient to state an ADA/RA claim. As the M&R concluded, Plaintiff alleges no *specific facts* to show that Anciso's actions were motivated by Plaintiff's disabilities. See (D.E. 10, p. 21). Rather, as the M&R indicates, Plaintiff's complaints "center on the denial of his requested medical treatment[,]" *id.*, which alone is insufficient to state an ADA/RA claim. *See Whetsone v. Hall*, No. 4:17CV158, 2018 WL 1022586, at *2 (N.D. Miss. Feb. 22, 2018) (Virden, Mag. J.) (citation omitted); *see also Walls v. Tex. Dep't of Crim. Just.*, 270 F. App'x 358, 359 (5th Cir. 2008) (noting plaintiff's ADA claim was properly dismissed because it simply restated plaintiff's denial-of-medical-care claim). As such, the Court **OVERRULES** Plaintiff's objections regarding his ADA/RA claim. (D.E. 13, p. 10–14).

## II. Conclusion

Having carefully reviewed the proposed findings and conclusions of the M&R, the record, and the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff's objections were directed, the Court **OVERRULES** Plaintiff's objections in their entirety, (D.E. 13), and **ADOPTS** the M&R in its entirety, (D.E. 10). As such, the Court **ORDERS** the following:

(1) The Court **DISMISSES without prejudice** Plaintiff's § 1983 claims for money damages against all Defendants in their official capacities as barred by the Eleventh Amendment;

(2) The Court **DISMISSES with prejudice** Plaintiff's Eighth Amendment and ADA/RA claims against all Defendants in their respective individual and official capacities as frivolous and/or for failure to state a claim for relief pursuant to §§ 1915(e)(2)(B) and 1915A(b)(1).

(3) This dismissal is counted as a strike for purposes of 28 U.S.C. § 1915(g), and the Clerk of Court is **INSTRUCTED** to send notice of this dismissal to the

Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

A final judgment will be entered separately.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
July 20th, 2023